UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| TOTAL CONTAINMENT, INC. | : | |
| Debtor | | |
| | : | Bankruptcy No. 04-13144 |
| _____ | | |
| GEORGE L. MILLER, Chapter 11 trustee | : | |
| Plaintiff | | |
| v. | : | |
| MARCEL DUTIL, et al. | : | Adversary No. 05-0145 |
| Defendants | | |
| _____ | | |
| MARCEL DUTIL, et al. | : | |
| Third-Party Plaintiffs | | |
| v. | : | |
| GEORGE MILLER, Individually and as Trustee | : | |
| Third-Party Defendant | : | |
| _____ | | |
| GEORGE MILLER, Individually and as Trustee | : | |
| Third-Party Plaintiff | : | |
| v. | : | |
| ANDRE MARSAN | : | |
| GROUPE CONSEIL MARSAN, INC. | | |
| Third-Party Defendants | : | |
| _____ | | |

............................................................

## MEMORANDUM

............................................................

The chapter 11 trustee, George L. Miller, previously commenced an adversary proceeding asserting seven counts against 11 defendants, and seeking in excess

of $23 million in damages along with declaratory relief. Among the causes of action raised by the trustee are those of negligence and breaches of fiduciary duty against the officers and directors of the corporate debtor, Total Containment Inc. ("TCI"), in connection with the entry of two prepetition judgments against the debtor.

Those defendant officers and directors, Messrs. Dutil, Gouin, DesJardins and Wright then filed counterclaims and third-party complaints against Mr. Miller, both individually and in his capacity as chapter 11 trustee.[1] In their pleadings they allege that Mr. Miller was himself negligent, and also breached his fiduciary duties, in not seeking to set aside the two prepetition judgments against TCI mentioned in his amended complaint. They further assert that Mr. Miller was negligent and also breached his fiduciary duties in conduct involving the post-bankruptcy sale of two assets of TCI: a sales office in Oaks, Pennsylvania; and an office and manufacturing facility in Bakersfield, California.

Mr. Miller filed answers opposing these claims against him. He then filed a third-party complaint against Mr. Andre Marsan and Groupe Conseil Marsan, Inc. In this third-party complaint, Mr. Miller contends that if he is liable—either as trustee, or individually, for negligence or breach of fidicuary duty—then Mr. Marsan and Groupe Conseil Marsan are liable over to him for contribution or indemnity. Third-Party Complaint, ¶¶ 27, 33, 41, 47. Mr. Miller bases his indemnity and contribution claims on the alleged negligence and/or breach of fiduciary duty of these two third-party defendants.

The third-party defendants have now filed a motion to dismiss the complaint for its failure to plead any cause of action against them.

---

[1] Mr. Miller alleges that Finloc, Inc. filed a counterclaim against him on November 23, 2005. Third-Party Complaint, ¶ 10. The docket in this proceeding does not reflect such a filing.

I.

It is well understood that in order to dismiss a claim for failure to state a cause of action under Rule 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012(b)), it must appear beyond doubt that the plaintiff can prove no set of facts in support of that claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). A trial court must accept as true all of the well-pleaded facts alleged in the complaint and any reasonable inferences therefrom. Scheuer v. Rhodes, 416 U.S. 232 (1974); Conley v. Gibson.

> A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 . . . (1974).

In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1420 (3d Cir. 1997).

In determining whether the trustee in this third-party proceeding has stated a cause of action, I note that procedural rule Fed. R. Bankr. P. 7008 (incorporating Fed. R. Civ. P. 8), requires only "'notice' pleading, rather than detailed fact pleading." 2 Moore's Federal Practice, § 12.34[1][b], at 12-60 (3d ed. 1999). Accordingly, a plaintiff is not required to plead each and every element of every claim with "precision." Rose v. Bartle, 871 F.2d 331, 356 (3d Cir. 1989); accord In re Tower Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005); Bonsall Village, Inc. v. Patterson, 1990 WL 139383, at *7 (E.D. Pa. 1990); Atlass v. Texas Air Corp., 1989 WL 51724, at *5 (E.D. Pa. 1989).

The relevant factual allegations made against Mr. Marsan and Groupe Conseil Marsan are as follows:

> 13. At least as early as, but no later than, January 15, 2004, and prior to Mr. Miller's appointment as Trustee, Andre Marsan and Groupe Conseil Marsan, Inc. (collectively Marsan), were in charge of, and made decisions related to, the day to day operations of TCI, in conjunction with the TCI Board of Directors, and other insiders and their affiliates (collectively the Board).
>
> 14. Specifically, Marsan performed various duties for TCI, which included, but were not limited to:
>
>> a. Manage the day-to-day operations of the Debtor on an overall basis;
>>
>> b. Oversee and analyze the financial situation of the Debtor;
>>
>> c. Direct the Debtor[']s restructuring during the Chapter 11 case, including, without limitation, the sale of the Debtor's various operations as going concerns;
>>
>> d. Negotiate with the Debtor[']s various creditors, secured and unsecured, and other parties in interest; and
>>
>> e. Perform such additional financial, management and business consulting services as may be required by the Debtor.
>
> 15. Marsan performed some or all of these functions between January and March 2004, including after TCI filed for bankruptcy.

Third-Party Complaint, ¶¶ 13-15.

Mr. Miller further avers that "the position of running the day to day operations of the company in conjunction with the board" established a fiduciary duty to TCI and its creditors. Id., ¶ 23; see also ¶ 37. He also asserts that this position created a

4

"duty to exercise reasonable diligence and care in the management of TCI and in the performance of their duties . . . ." Id., ¶ 29; see also ¶ 43. In their motion to dismiss, the third-party defendants disagree.

## II.

Mr. Marsan and Groupe Conseil Marsan contend that an individual or entity who oversees the day-to-day operations of a corporation does not, by virtue of that engagement, hold a fiduciary duty to the corporation or its creditors.

Pennsylvania law, which is relevant in this proceeding, imposes a fiduciary duty upon corporate officers and directors. See 15 Pa. C.S.A. §§ 512, 1712. A shareholder who controls or dominates the corporation may also be a fiduciary. See Pepper v. Litton, 308 U.S. 195, 306 (1939). The third-party defendants are not alleged to be directors, officers or dominant shareholders of TCI; they managed the debtor's day-to-day operations in conjunction with the corporate board.

In addition, a fiduciary relationship may sometimes arise from a principal/agency relationship. See generally SHV Coal Inc. v. Continental Grain Co., 376 Pa. Super. 241, 248-49 (1988). This relationship requires that the agent not act for his own benefit to the detriment of his principal. Id. The trustee does not suggest in this third-party complaint that the defendants acted in such a manner concerning the entry of judgments against TCI. It is unclear whether his complaint implies self-dealing with regard to the possible asset sales.

5

State common law also provides that a fiduciary relationship may arise where "one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on one side or weakness, dependence or justifiable trust, on the other." In re Johnson, 292 B.R. 821, 828 (Bankr. E.D. Pa. 2003) (citing Destefano & Associates, Inc. v. Cohen, 2002 WL 1472340, at *3 (Pa. Ct. Com. Pl. 2002), quoting Commonwealth Dept. of Transp. v. E-Z Parks, Inc., 153 Pa. Commw. 258, 268, 620 A.2d 712, 717 (1993)); see also Lichtman v. Taufer, 2004 WL 1632574, at *7 (Pa. Com. Pl. Jul. 13, 2004) (same). The trustee argues that evidence in discovery may reveal such a special confidence.

Finally, an outside lender can become a fiduciary under state law by assuming significant control of a borrower-corporation. See Academy Industries, Inc. v. PNC Bank, N.A., 2002 WL 1472342, at *12-13 (Pa. Com. Pl. 2002); see also James E. McFadden, Inc. v. Baltimore Contractors, Inc., 609 F. Supp. 1102, 1105 (E.D. Pa. 1985). An individual who oversees the day-to-day operations of a corporation does not, by virtue of that managerial position, necessarily exert significant control over the corporation. As the third-party defendants observe, a hotel employee who was "responsible for the day-to-day operation of the hotel, human resources management (including hiring and firing of staff), strategic planning, and financial performance" was held not to be a fiduciary under Illinois law by virtue of his position or duties alone. Riad v. 520 South Michigan Ave. Associates Ltd., 78 F. Supp. 2d 748, 750 (N.D. Ill. 1999).

Conversely, in In re J.F.D. Enterprises, Inc., 223 B.R. 610 (Bankr. D. Mass. 1998), aff'd, 215 F.3d 1312 (1st Cir. 2000), a bankruptcy court determined under federal

6

common law that an individual who exercised day-to-day authority for the debtor's post-bankruptcy operations had sufficient corporate control to be considered a fiduciary:

> Dialessi was an employee first of JFD [the debtor], as the debtor-in-possession, and then of Stern once he was appointed. His level of involvement in the Debtor's affairs is fully documented in the record before the Court and is not the subject of dispute. Prior to Stern's appointment, Dialessi possessed, pursuant to the Conversion Stipulation, 'without limitation, all powers and authority of the Debtor to act for and on its behalf in the operation of the business of the Debtor-in-Possession and in the Chapter 11 proceedings of the Debtor." After Stern's appointment, Dialessi was still substantially responsible for the day-to-day operations of the Debtor, even accepting the DiStefanos' allegations regarding Berman's exertion of control as true. An estate representative's agent with this level of authority and responsibility must be deemed a fiduciary of the estate and a debtor's shareholders.

Id., at 623. In this proceeding, the trustee also contends that the third-party defendants acted in a post-bankruptcy capacity.

Given the trustee's prior allegations in his amended complaint that various defendants controlled the actions of TCI, it may be difficult for him to also prove that the third-party defendants exercised sufficient control of the debtor to be treated as fiduciaries. His complaint also acknowledges oversight of the third-party defendants' activities by the corporate board. Nonetheless, at this early stage of the third-party proceeding, it would be inappropriate to deprive him of the opportunity to examine the third-party defendants' relationship to TCI and their control and/or self-dealing, if any.

Accordingly, their motion to dismiss counts I and III, asserting a breach of fiduciary duty, shall be denied.

Insofar as the negligence counts II and IV are concerned, the third-party complaint does not specify the basis by which the third-party defendants provided

7

services to TCI. An independent contractor may be held liable for negligence. See generally Dugan v. Niglio, 436 Pa. 22 (1969). In certain circumstances, an employee can negligently perform his duties and be liable to his employer. See generally Brown v. United Cerebral Palsy, 278 N.J. Super. 208 (1994).

As noted in an earlier memorandum, federal notice pleading requirements do not demand much detail to state a cause of action for negligence. See In re Tower Air, Inc., 416 F.3d at 237 (discussing Appendix Form 9 to Rule 84, illustrating a simple negligence complaint); Lewis v. U.S. Slicing Machine Co., 311 F. Supp. 139, 140 (W.D. Pa. 1970) (same). Again, the trustee should be given some opportunity to investigate the scope of the third-party defendants' duties and their performance thereof, and prove their alleged negligence.

Accordingly, the third-party defendants's motion to dismiss negligence counts I and III must also be denied.

An appropriate order shall be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| TOTAL CONTAINMENT, INC.  Debtor | : | |
| | : | Bankruptcy No. 04-13144 |
| _____ | | |
| GEORGE L. MILLER, Chapter 11 trustee  Plaintiff | : | |
| v. | : | |
| MARCEL DUTIL, et al.  Defendants | : | Adversary No. 05-0145 |
| _____ | | |
| MARCEL DUTIL, et al.  Third-Party Plaintiffs | : | |
| v. | : | |
| GEORGE MILLER, Individually and as Trustee | : | |
| Third-Party Defendant | : | |
| _____ | | |
| GEORGE MILLER, Individually and as Trustee | : | |
| Third-Party Plaintiff | : | |
| v. | : | |
| ANDRE MARSAN  GROUPE CONSEIL MARSAN, INC.  Third-Party Defendants | :  : | |
| _____ | | |

..........................................................

ORDER

..........................................................

AND NOW, this 17th day of August 2006, for the reasons stated in the accompanying memorandum, it is hereby ordered that the motion to dismiss filed by the third-party defendants is denied.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Mark J. Friedman, Esq.
Jeffrey D. Herschman, Esq.
Susan S. Maher, Esq.
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, MD 21209

Steven M. Coren, Esq.
David Dormont, Esq.
Kaufman, Coren & Ress, P.C.
1525 Locust Street, 17th floor
Philadelphia, PA 19102

Joseph M. Toddy, Esq.
Zarwin, Baum, DeVito, Kaplan,
 Schaer & Toddy PC
1515 Market Street, Suite 1200
Philadelphia, PA 19102

Christopher W. Wasson, Esq.
Louis J. Schwartzberg, Esq.
Linda J. Casey, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Sts.
Philadelphia, PA 19103-1799

Alan S. Miller, Esq.
Picadio Sneath Miller & Norton, P.C.
4710 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219